# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE THE APPLICATION OF

VERONICA LUZ MALAVER AVENDANO
PLAINTIFF/PETITIONER,

v.

LEONARDO ALFONZO BLANCO BALZA

DEFENDANT/RESPONDENT.

Civil Action File No.:

## VERIFIED COMPLAINT AND PETITION FOR RETURN OF CHILDREN TO PETITIONER PURSUANT TO THE HAUGE CONVENTION

Plaintiff and Petitioner, Veronica Luz Malaver respectfully show this court as follows:

### I. INTRODUCTION

1. This action brought by Veronica Luz Malaver Avendano ("Petitioner", "MOTHER"), a citizen of Venezuela to secure the return of her son, Gabriel Andres Blanco Malaver (Hereinafter: "Child") Date of Birth: 3-10-2008 who without Petitioner's consent or acquiescence, has been wrongfully removed from Venezuela and brought and now wrongfully detained in the Commonwealth of Massachusetts, by the Child's Father, the Defendant/Respondent, Leonardo Alfonzo Blanco Balza ("Respondent", "Father").

2. This Petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention")[1] and the International Child Abduction Remedies Act ("ICARA").[2] A copy of the Hague Convention is attached hereto as Exhibit A. The Hague Convention came into effect in the United States on July 1, 1988, and has been ratified between, and has been ratified between, among other Contracting

---

[1] Oct. 25, 1980, T.I.A.S.No. 11670 at 1, 22514 U.N.T.S. at 98, *reprinted* in 51 Fed. Reg. 10494.
[2] 42 U.S.C. §§11601-11610 (2011)..

1

States, the United States of America and Canada, in 1988

3. The objects of the Hague Convention are:

> (1) to establish legal rights and procedures for the prompt return of children who have been wrongfully removed or retained; and (2) to provide structure to help resolve the problem of international child abduction so that the rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.[3]

4. The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute between the parties.[4]

## II. JURISDICTION AND VENUE

5. This court has jurisdiction over this case pursuant to 42 U.S.C. § 11603 (a) (jurisdiction under the Hague Convention) and 28 U.S.C. §1331 (federal question jurisdiction). Venue is proper pursuant to 42 U.S.C. § 11603 and 28 U.S.C. §1391(b) because the Respondent is believed to be residing with the Child at 68 Wellington Road, Medford, Massachusetts, United States of America.

6. A copy of the Venezuela Court Order granting the Respondent the right to temporarily remove the Child to the United States from August 9, 2018 until October 6, 2018 is attached as Exhibit B along with the Court Order denying his request to extend the Child's temporary stay is also attached along with the Court Order requiring the return of the Child to Venezuela as Exhibit C. The Petitioner's application to return the Child pursuant to the Hague Convention is attached hereto as Exhibit D.

7. In addition, pursuant to Article 4, the Hague Convention (attached hereto as Exhibit A) applies to those children under the age of 16 (sixteen) years who habitually residing in a

---

[3] 42 U.S.C.A. § 11601 (West)
[4] Id.

2

Contracting State and were wrongfully removed to another Contracting State.

8. Here, the Child is under the age of 16 (sixteen) years and is wrongfully removed and wrongfully now detained from his habitual residence of Venezuela to the United States of America, both Contracting States of the Hague Convention.

### III. STATEMENT OF FACTS

9. Petitioner and Respondent are the parents of the Child. Petitioner and the Respondent were never married but had a romantic relationship. The parties met in 2005 and had an off and on-again relationship from approximately 2005 until 2007. The Child is the product of the relationship and was born on March 10, 2008. A copy of the Child's birth certificate is attached along with a translation thereof as Exhibit E.

10. The Petitioner is a citizen of Venezuela and has always resided in Venezuela. She would visit from time to time the Respondent in Boston, Massachusetts. The Respondent would also visit the Petitioner in Venezuela. The Respondent is also Venezuelan.

11. The Child has always resided in Venezuela in the residence of the Petitioner. The Petitioner and Child reside together at Calle 5 Marzo Finca la Barloventena Aricagua Municipio del Camp Estado Nueva Esparata Venezuela. Since birth of the Child, the Petitioner has been his sole caretaker. The Venezuela Court has found that the Child's home is in Venezuela as documented in Exhibit B.

12. Prior to the wrongful removal of the Child, he attended Unidad Educativa Agua Viva elementary school. Copies of letter of school registration translation thereof are attached as Exhibit F. The Child is in the fifth grade. The Child participates in the following activities in Venezuela: karate, music, art and physical education.

13. On or about August 8, 2018, the Respondent, after contested hearing seeking a right to travel with the Child to the United States, conducted in Venezuela, was granted by the Venezuelan Court the right to take the Child to a temporary visit in the United States from August 8,

2018 until October 6, 2018. Exhibit B. The Venezuela Court also ordered that the Respondent return the child as required by October 6, 2018 and reminded the Father-Respondent of his obligation to return the Child.

14. Thereafter, the Respondent, on or about September 26, 2018, sought to extend the temporary visit in the United States and his request was denied by the Court in Venezuela. Exhibit C.

15. The Venezuelan Court denied the request to extend the Child's stay in the United States and further ordered the Respondent to return the Child to Venezuelan territory and to the custody of his Mother, the Petitioner. Exhibit C.

16. The Respondent has failed to return the Child to his residency and custody with the Petitioner and the Respondent continues to violate the orders of the Venezuelan Court.

17. The Petitioner last saw the Child on July 9, 2018 when the Respondent was in Venezuela.

18. The Petitioner has not authorized the removal and retention of the Child and is seeking the immediate return of the Child.

19. The Petitioner has had infrequent contact with her Child since his wrongful removal and retention by the Respondent. The Respondent has not provided a method of consistent communication with the Child and the Petitioner.

20. Despite requests to return the Child to Venezuela including by the Central Authority, the Respondent has refused to return the Child to his home in Venezuela with his Mother-the Petitioner.

21. On or about November 10, 2018, the Petitioner filed a Request for Return of Child with the Hague Convention on the Civil Aspects of International Child Abduction in Venezuela. This document, along with a letter from of the Central Authority for Venezuela was forwarded to U.S. Department of State, Office of Children's Issues on. Copies of the Request for Return of Child as well as the letter from the Central Authority of Venezuela are attached hereto as Exhibit D and Exhibit G.

22. On February 7, 2018 the U.S. Department of State, Office of Children's Issues, sent a letter to the Respondent informing him of the Petitioner's Request for Return of Child and advising him that should he fail to return the Child, judicial proceeding in a court in the United States will determine the Child habitual residence to facilitate the return of the Parties' Child. A copy of the letter from the U.S. Department of State is attached hereto as Exhibit G.

23. It is presumed the Child is residing with the Respondent at 68 Wellington Road, Medford, Massachusetts, United States of America.

## IV. WRONGFUL REMOVAL AND RETENTION OF CHILDREN BY RESPONDENT: CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION

24. As set forth above, Respondent wrongfully removed the Child and thereafter wrongfully retained the Child on or about October of 2018 within in the meaning of Article 3 of the Convention (see Exhibit A) and continues to wrongfully retain the Child in the Commonwealth of Massachusetts, United States, in violation of Article 3, despite Petitioners efforts to have the Child returned to Venezuela.

25. The Petitioner never acquiesced or consented to the removal and retention of the Child from Venezuela to the United State. Nor did Petitioner consent to the extended removal of the Child.

26. Respondent's removal and retention of the Child is wrongful within the meaning of Article 3 of the Hague Convention because:

    a. Removal and retention of the Child is in violation of Petitioner's right of custody and visitation as there was no court order or judgment limiting or denying the Petitioner access to or visitation with the Child and the Child was in the primary care of the Petitioner throughout his life.

    b. Petitioner exercised her rights of custody and parenting as mentioned previously prior to the wrongful removal of the Child as the Petitioner cared and provided for the Child for all his needs daily as his primary functioning parent.

    c. The Child is a habitual resident of Venezuela within the meaning of Article 3 of the Hague Convention immediately before his removal and wrongful retention by the Respondent. The Child has always resided in Venezuela since his birth until his wrongful retention by the Respondent in violation of the Venezuela Court Order

27. The Hague Convention (attached hereto as Exhibit A) applies to those children under the age of 16 (sixteen) years who habitually residing in a Contracting State and were wrongfully removed to another Contracting State.

28. This petition is filed less than one year from Respondent's wrongful removal of the Child pursuant to Article 12 of the Hague Convention as found in Exhibit A.

## V. PROVISIONAL REMEDIES

29. Petitioner requests that this Court issue an immediate order restraining Respondent from removing the Child from the Commonwealth of Massachusetts and orders the surrender of the Child's passports.

30. Petitioner further requests that this Honorable Court schedule an expedited hearing on the merits of this Petition to prevent further harm as soon as possible and as required pursuant to the articles and principles of the Hague Convention.

## VI. ATTORNEYS FEES AND COSTS

### (42 U.S.C. § 11607)

31. To date, Petitioner has incurred attorneys' fees and costs as a result of the wrongful retention of the Child by the Respondent.

32. Petitioner respectfully requests that this Court award him all costs and fees, including

transportation costs, incurred to date as required by 42 U.S.C. § 1160.

## VII. NOTICE OF HEARING

33. Pursuant to 42 U.S.C. § 11603 (c), Respondent shall be given notice of these proceedings in accordance with the law governing notice in interstate child custody proceedings.

## VIII. RELIEF REQUESTED

WHEREFORE, Petitioner, Veronica Luz Malaver Avendano, prays for the following relief:

a) An immediate temporary restraining order prohibiting the removal of the Child from the Commonwealth of Massachusetts pending a hearing on the merits of this Verified Complaint; and that no person shall take any action to remove the Child from the Commonwealth of Massachusetts pending a determination on the merits of this Verified Complaint;

b) An immediate order requiring that any and all the Child's passports be surrendered to the Court;

c) An order Scheduling an expedited preliminary injunction hearing on the merits of the Verified complaint; an order that Respondent show cause at this hearing why the Child should not be returned to Venezuela; and why such relief requested in the Verified Complaint should not be granted; and, pursuant to Federal Rules of Civil Procedure 65;

d) An order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

e) A final judgment in Petitioner's favor establishing that the Child shall be returned to Venezuela;

f) An order awarding the Petitioner her attorneys' fees and costs including fees for transportation;

g) For any such further relief as the Honorable Court may deem meet and just and appropriate under the circumstances of this case.

Respectfully submitted, this 9th day of April 2019

_____
Matthew P. Barach
Attorney for Petitioner
Barach Law Group, LLC
40 Spean Street, Suite 205
Framingham, MA 01701
BBO# 630245

## VERIFICATION

I am the Attorney for the Petitioner, Veronica Luz Malaver Avendano. I make this verification on behalf of Petitioner because the Petitioner is absent from this country. The above document is true based on the above-identified attorney's investigation to date and communication between Matthew Barach, Barach Law Group, LLC and the Petitioner except as to the matters that are stated in it on information and belief; and as to those matters, I believe it to be true. I declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct.

This 9th day of April 2019.

_____
Matthew Barach